IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0575 |
| | § | |
| ALL BRANDS CIGARETTES & | § | |
| CANDY, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 9] filed by Plaintiff Great American Insurance Company of New York ("Great American"). Defendant All Brands Cigarettes & Candy, Inc. ("All Brands") filed a Response [Doc. # 10], Plaintiff filed a Reply [Doc. # 11], and the Court discussed the Motion with counsel during the initial pretrial conference on April 27, 2007. Based on the Court's review of the full record and the application of governing legal authorities, the Court **grants** Plaintiff's Motion.

## I.    BACKGROUND

Great American is an insurance company, and All Brands is a distributor of cigarettes and candy to convenience stores and other small general merchandise stores. Great American issued insurance policy number IMP 6541088 ("the Policy") to All

P:\ORDERS\11-2007\0575MSJ.wpd   070427.1555

Brands, effective January 18, 2006 to January 18, 2007.[1]  The Policy included an endorsement entitled "Unattended Vehicle Restricted Theft Coverage" that provided that the Policy did not cover a loss due to theft unless the vehicle containing the cargo was "attended."  The term "attended" is defined in the Policy to mean, in relevant part, that "someone is . . . in or on the carrying conveyance, whose sole duty is to safeguard the Covered Property."

One of Defendant's delivery truck drivers was robbed on June 29, 2006, and another delivery truck driver was robbed on August 21, 2006.  On each occasion, there was no individual in or on the delivery truck whose "sole duty" was to safeguard the cargo that was stolen.

Defendant filed a claim for each loss, and Great American denied each claim based on the exclusion for theft from a vehicle that was not "attended" as defined in the Policy.  Plaintiff then filed this lawsuit seeking a declaratory judgment that the Policy does not provide coverage for the two robberies.  Defendant counterclaimed, asserting "unfair settlement practices," breach of the duty of good faith and fair dealing, and a "failure to comply with prompt payment statute" as required by the Texas Insurance Code.

---

[1]      The Policy is attached as an exhibit to Great American's Motion for Summary Judgment.

Plaintiff promptly moved for summary judgment.  Defendant responded, arguing that the Motion was premature because the parties had not conducted discovery.[2]  In its response, Defendant also addressed the merits of Plaintiff's Motion.  Plaintiff filed a reply, the issues have been fully briefed, and the Motion is ripe for decision.

## II.   ANALYSIS

### A.   Coverage Under the Policy

The material facts in this case are undisputed and the parties agree that Texas law applies.  Under Texas law, the meaning of an insurance contract is to be determined under the standards applicable to contracts generally.  *See Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000); *Cicciarella v. Amica Mut. Ins. Co.*, 66 F.3d 764, 767-68 (5th Cir. 1995); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987).  A court's primary concern is to give effect to the intention of the parties as expressed by the policy language.  *Cicciarella*, 66 F.3d at 768; *Ideal Lease Serv., Inc. v. Amoco Prod. Co.,* 662 S.W.2d 951, 953 (Tex. 1983).  "When the terms of an insurance policy are unambiguous, a court may not vary those terms."  *Amica Mut. Ins. Co. v. Moak*, 55 F.3d 1093, 1095 (5th Cir. 1995); *Royal Indem. Co. v. Marshall*, 388 S.W.2d 176, 181 (Tex. 1965).

---

[2]   Defendant did not comply with the requirements of Rule 56(f) of the Federal Rules of Civil Procedure and has not identified discovery that would be material to the outcome of the Motion.

In this case, the unambiguous language of the Policy, specifically the Unattended Vehicle Restricted Theft Coverage Endorsement, provides that the Policy does not cover a loss from theft unless Defendant's truck was "attended."  To be "attended" under the Policy, there must have been someone in or on the truck whose "sole duty" was to safeguard the truck's cargo.  It is undisputed that, at the time of each theft, there was no individual in or on Defendant's truck whose "sole duty" was to safeguard the truck's contents and, therefore, the truck was not "attended."  Because the truck was not "attended," the losses are not covered by the Policy and Plaintiff is entitled to summary judgment on this issue.

Defendant argues that the insurance binder did not contain the Unattended Vehicle Restricted Theft Endorsement.  An insurance binder is effective only until the formal insurance policy is issued.  *See Ranger County Mut. Ins. Co. v. Chrysler Credit Corp.*, 501 S.W.2d 295, 298 (Tex. 1973).  Defendant also argues that it was not informed of the Unattended Vehicle Restricted Theft Endorsement and did not know of its existence.  Under Texas law, it is not the insurer's responsibility to explain the Policy to the insured; it is the insured's responsibility to read the policy.  *See Mudd v. Selectquote Ins. Serv. of Texas, Inc.*, 2005 WL 1475364 *5 (Tex. App. – San Antonio Jun. 22, 2005, no pet.); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App. – El Paso 1999, no pet.); *Amarco Petroleum, Inc. v. Tex. Pac. Indem. Co.*, 889

S.W.2d 695, 699 (Tex. App. – Houston [14th Dist.] 1994, writ denied).  The Policy

does not cover Defendant's claims.

### B.    Extra-Contractual Claims

Defendant asserts counterclaims that Plaintiff engaged in "unfair settlement

practices," breached its duty of good faith and fair dealing, and failed to comply with

the prompt payment requirements of the Texas Insurance Code.[3]  Each of these

counterclaims hinges on Plaintiff's denial of Defendant's claims for insurance coverage.

Under Texas law, in order for an insured to establish that an insurer's denial of a claim

violated its duty of good faith and fair dealing, the insured must prove that there was

no reasonable basis – and the insurer knew there was no reasonable basis – for denying

the claim for benefits under the policy. *Aranda v. Ins. Co. of North Amer.*, 748 S.W.2d

210, 213 (Tex. 1988).  Texas courts have applied the *Aranda* standard to alleged

breaches of the common law duty of good faith and fair dealing as well as to alleged

violations of the DTPA and the Texas Insurance Code, and have collectively referred

to these "extra contractual" claims as "bad faith" claims. *See Thrash v. State Farm*

*Fire & Cas. Co.*, 992 F.2d 1354, 1356 (5th Cir. 1993).  Generally, there can be no

extra-contractual "bad faith" claim when the insurer promptly denied a claim that is in

---

[3]    Defendant's counterclaims are against the carrier only, and not against the insurance agent
who is not a party to this lawsuit.  The Court's ruling is, therefore, limited to the
counterclaims against the insurance company.

fact not covered under the policy. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Stoker*, 903 S.W.2d at 340; *Crocker v. Amer. Nat. Gen. Ins. Co.*, 211 S.W.3d 928, 936 (Tex. App. – Dallas 2007); *Smith v. Stonebridge Life Ins. Co.*, __ F.3d __, 2007 WL 504903 *1 (5th Cir. Feb. 13, 2007).

Because Defendant's claims are not covered by the Policy, Plaintiff is entitled to summary judgment on the extra-contractual claims.

## III.   <u>CONCLUSION AND ORDER</u>

The unambiguous language of the Policy provides that there is no coverage for any theft unless the vehicle is "attended," which is defined under the Policy to require an individual in or on the vehicle whose "sole duty is to safeguard the Covered Property."  It is undisputed that, at the time of both claimed losses, no such individual was in or on the vehicle.  As a result, the two thefts are not covered by the Policy.

Where, as here, the insurance company's denial of a claim was correct because there is no coverage under the insurance policy, the insurance company is entitled to summary judgment on the insured's bad faith counterclaims.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 9] is **GRANTED** as to Plaintiff's Complaint and as to Defendant's Counterclaims.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **27th** day of **April, 2007**.

Nancy F. Atlas
United States District Judge